# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO: 3:07-CV-00381-DCK

| | |
|---|---|
| **UNITED STATES SURETY COMPANY,** | |
| **Plaintiff,** | |
| **v.** | **ORDER** |
| **HANOVER R.S. LIMITED PARTNERSHIP, and FULLER DRYWALL & PAINT, LTD.,** | |
| **Defendants.** | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff United States Surety Company's ("US Surety" or "Plaintiff") "Motion to Declare Bond Issues Are Not Arbitrable Issues And Motion To Stay Arbitration of Bond Issues (Document No. 6), filed September 21, 2007; and "Defendant Hanover R.S. Limited Partnership's Motion to Dismiss Or Stay Litigation and Compel Arbitration"(Document No. 19), filed October 22, 2007. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and these motions are now ripe for disposition.

Having carefully considered the arguments, the record, and the applicable authority, Plaintiff's motion will be <u>denied</u>; Defendant Hanover R.S. Limited Partnership's ("Hanover") Motion to Dismiss is <u>denied without prejudice</u>; and Defendant Hanover's alternative motion to "Stay Litigation And Compel Arbitration" will be <u>granted</u>. It will be further ordered that all claims and defenses between Plaintiff US Surety and Defendant Hanover, arising out of or relating to the enforcement of the subcontract and/or surety bond are arbitrable, and must be submitted for adjudication in the pending arbitration titled: *Hanover R.S. Limited Partnership v. Fuller Drywall & Paint, Ltd. and United States Surety Company* (AAA Case No. 31-110-Y-00116-07).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant Hanover is the general contractor for construction of a mixed-use residential / retail building known as "The Residence at SouthPark" located in Charlotte, North Carolina (the "Project"). Complaint (Document No.1) at ¶ 5.

Hanover entered into a subcontract with Defendant Fuller Drywall, Ltd. ("Fuller") dated April 10, 2006 (the "Subcontract), whereby Fuller agreed to provide certain labor and materials for incorporation into the Project (the "Work"). Complaint (Document No. 1) at ¶ 6. A copy of the Subcontract is attached to the Complaint (Document No. 1) as Exhibit "A".

On or about May 31, 2006, Plaintiff US Surety issued a subcontract performance bond (the "Bond") as surety for its principal, Fuller, and for the benefit of Hanover. See Complaint (Document No. 1) at ¶ 7. A copy of the Bond is attached to the Complaint (Document No. 1) as Exhibit "B".

The Bond provides as follows: "…Subcontract is by reference made a part hereof…." See Complaint (Document No. 1), Exhibit "B" at 1; see also US Surety's "Memorandum in Support of Motion to Declare Bond Issues Are Not Arbitrable Issues..." (Document No. 7) at 3 ("the Bond incorporate[s] the Subcontract by reference"). The Bond further provides the following: "The responsibilities of the Obligee [Hanover] to the Surety [US Surety] shall not be greater than those of the Obligee under the Subcontract." Complaint (Document No. 1), Exhibit "A", Bond at p. 2, § 4.

The Subcontract contains an arbitration clause, which provides in relevant part as follows: "Any dispute arising out of or relating to this Agreement shall … be settled by … binding arbitration conducted by a neutral arbitrator selected by the American Arbitration Association at its offices closest to the Project." Complaint (Document No. 1), Exhibit "A", Subcontract at § 19. In addition,

the Subcontract provides that "Contractor may require the joinder of another person or party who may have a related claim or interest in the proceedings." See Complaint (Document No. 1), Exhibit "A", Subcontract at ¶ 19.

Disputes have arisen between Hanover and Fuller concerning performance under the Subcontract, each alleging the other has been and is in breach of the Subcontract. *See* Complaint (Document No. 1) at ¶ 9. On May 30, 2007, Hanover initiated arbitration proceedings against Fuller seeking, without limitation, breach of contract damages resulting from Fuller's allegedly defective and incomplete work, including all costs associated with Hanover's supplementation of Fuller's Work. See Complaint (Document No. 1) at ¶ 10. On June 18, 2007, Fuller filed an Answering Statement and Counterclaim in the arbitration proceedings denying Hanover's claims and seeking affirmative recovery resulting from Hanover's alleged breach of contract, *quantum meruit* and negligence. See Complaint (Document No. 1) at ¶ 13.

On June 12, 2007, Hanover invited US Surety to consent to be joined and participate in the pending arbitration proceedings. See Complaint (Document No. 1) at ¶ 14. US Surety accepted Hanover's invitation to participate in the pending arbitration proceedings. See Complaint (Document No. 1) at ¶ 15.[1] However, in joining the arbitration as a party, US Surety sought to limit the scope of the arbitration panel's authority by reserving the right to litigate its so-called "surety claims/defenses" ("Surety Defenses") in a subsequent and separate court proceeding. See Complaint (Document No. 1) at ¶¶ 15 & 17.

---

[1] The arbitration, including US Surety as a party, is presently pending before the American Arbitration Association and titled: *Hanover R.S. Limited Partnership v. Fuller Drywall & Paint, Ltd. and United States Surety Company* (AAA Case No. 31-110-Y-00116-07).

On September 7, 2007, US Surety filed the present action seeking a declaration that (a) "issues concerning its liability under the Bond are not arbitrable" and (b) "Hanover has failed to satisfy the Bond's conditions precedent, and [US Surety's] obligations under the Bond are fully discharged." See Complaint (Document No. 1) at ¶¶ 21 & 24.

On September 21, 2007, US Surety filed the pending Motion to Declare Bond Issues are not Arbitrable Issues and Motion to Stay Arbitration of Bond Issues. (Document Nos. 6 & 7). On October 22, 2007, Hanover filed its Motion to Dismiss or Stay Litigation and Compel Arbitration and its Response and Opposition to Plaintiff's Motion to Declare Bond Issues are not Arbitrable Issues and Motion to Stay Arbitration of Bond Issues. (Document Nos. 19 & 20). On October 31, 2007, US Surety filed its Reply to Hanover R.S. Limited Partnership's Response to Motion to Declare Bond Issues are not Arbitrable Issues and Motion to Stay Arbitration of Bond Issues. (Document No. 21). A hearing on the above motions was held by the Court with the undersigned presiding on January 29, 2008.

## II.  STANDARD OF REVIEW

### A.  Determination of Arbitrability

"The question whether the parties have submitted a particular dispute to arbitration, i.e., the 'question of arbitrability,' is 'an issue for judicial determination…'" as a matter of law. Howsam v. Dean Witter Reynolds, Inc., 123 S.Ct. 588, 591 (U.S. 2002); Frahm v. U.S., 492 F.3d 258, 262 (4th Cir. 2007), citing Scarborough v. Ridgeway, 726 F.2d 132, 135 (4th Cir.1984) and United States v. Bursey, 416 F.3d 301, 306 (4th Cir. 2005). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Dockser v. Schwartzberg, 433 F.3d 421, 426 (4th Cir. 2006).

> [T]he heavy presumption of arbitrability requires that when the scope of the arbitration clause is open to question, a court must decide the question in favor of arbitration. Thus, we may not deny a party's request to arbitrate an issue unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute… [A]lthough the intention of the parties is relevant, the intentions of parties to an arbitration agreement are generously construed in favor of arbitrability.

Long v. Silver, 248 F.3d 309, 316-17 (4th Cir. 2001) (citations omitted).

## B. Motion to Dismiss

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). A Rule 12(b)(6) motion should be granted if, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Id*.

## III. DISCUSSION

The arbitration provision at issue in the construction subcontract calls for arbitration of "[a]ny dispute ***arising out of or relating to*** this Agreement." Complaint (Document No. 1), Exhibit "A," Subcontract at § 19 (emphasis added). In its Complaint, US Surety asserts that the Bond's incorporation of the Subcontract's arbitration provision does not require arbitration of its surety defenses. According to Plaintiff, "defenses unique to the surety, such as whether the Obligee [Hanover] has impaired the surety's position or released the principal obligor, are not claims arising out of the performance of the Subcontract (and subject to the Subcontract's arbitration clause), but are claims arising out of the Bond and therefore, are outside the scope of the Subcontract's arbitration clause." Complaint (Document No. 1) at ¶ 17.

According to the Fourth Circuit, "[b]oth the Supreme Court and this court have characterized similar formulations [of "arising out of or relating to"] to be broad arbitration clauses capable of an expansive reach." American Recovery Corp. v. Computerized Thermal Imaging, Inc., 96 F.3d 88, 93-95 (4th Cir. 1996) (broadly interpreting agreement to arbitrate any dispute "arising out of or related to" the agreement), citing Prima Paint Corp. v. Flood & Conklin Mfg. Co., 87 S.Ct. 1801, 1803 (1967) (labeling as "broad" a clause that required arbitration of "[a]ny controversy or claim arising out of or relating to this Agreement"). "[T]he test for an arbitration clause of this breadth is not whether a claim arose under one agreement or another, but whether a significant relationship exists between the claim and the agreement containing the arbitration clause." American Recovery, 96 F.3d at 93-95 (the inclusion of "arising out of or relating to" language in a contractual arbitration requirement "does not limit arbitration to the literal interpretation or performance of the contract[, but] embraces every dispute between the parties having a significant relationship to the contract regardless of the label attached to the dispute"); Long v. Silver, 248 F.3d 309 (4th Cir. 2001) (finding identical "arising out of or relating to" language to be "a broadly-worded arbitration clause [even applying] to disputes that do not arise under the governing contract when a 'significant relationship' exists between the asserted claims and the contract in which the arbitration clause is contained").

This Court finds that the defenses raised by US Surety in this matter, whether allegedly "arising out of" the Bond or the Subcontract, at the very least, are "related to" or have a "significant relationship" to the Subcontract, as the Bond's purpose is to ensure Fuller's performance under the Subcontract and the Bond incorporates the terms of the Subcontract without limitation. See Complaint (Document No. 1), Exhibit "B," Bond at p. 2, § 4.

Hanover has presented authority from other jurisdictions supporting its position that all of US Surety's defenses are arbitrable, which precedent is consistent with the Fourth Circuit's above-described strong presumption favoring arbitrability.  See, e.g., Hoffman v. Fidelity & Deposit Co. of Maryland, 734 F.Supp. 192 (D.N.J. 1990) 95 ("[t]he court concludes that the Third Circuit would follow the Eleventh, Sixth, Fifth, Second and First Circuits and would require Fidelity to arbitrate its defenses to liability on the Bond"); Boys Club of San Fernando Valley, Inc. v. Fidelity & Deposit Co., 8 Cal.Rptr.2d 587 (Cal. App. 1992) (holding that arbitration clause in contract incorporated into performance bond required arbitration all of the surety's defenses, whether arising under the contract or the bond);  Ohio Casualty Insurance Company v. City of Moberly, 2005 WL 2491461 (E.D.Mo. 2005) (holding that surety on bond incorporating arbitration clause with "arising out of or relating to" language was obligated to arbitrate all of its defenses, specifically including its so-called "personal defenses" under the bond) (unpublished); Jewish Federation of Greater New Orleans v. Fidelity, 273 F.3d 1094 (5th Cir. 2001) (unpublished) (citing the strong presumption in favor of arbitrability under the FAA, the Fifth Circuit "conclude[d] that [the surety's time bar personal defense under the performance bond was] a 'controversy … related to the Contract" and ordered arbitration thereof).

Plaintiff has presented authority from other jurisdictions supporting its position that while the surety is required to arbitrate disputes arising out of and/or seeking to enforce the terms of the construction contract, the surety cannot be compelled to arbitrate disputes arising out of and/or seeking to enforce the terms of the surety bond.

Under the facts of this case, the undersigned is more persuaded by the applicability of Hanover's arguments and case law.  Given the Fourth Circuit's "heavy presumption" in favor of

arbitrability, as well as concepts of judicial economy, this Court finds that Plaintiff's liability under the Bond and its surety defenses thereto are issues referable to arbitration under the Subcontract and they shall be adjudicated in the pending arbitration. Further, the Court finds no prejudice to US Surety in submitting all of its defenses in the pending arbitration, and notes that to date US Surety has participated in all aspects of the pending arbitration.

## IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion to Declare Bond Issues Are Not Arbitrable Issues And Motion To Stay Arbitration of Bond Issues (Document No. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that "Defendant Hanover R.S. Limited Partnership's Motion to Dismiss Or Stay Litigation and Compel Arbitration"(Document No. 19) is **DENIED** in part, and **GRANTED** in part as follows:  the "...Motion To Dismiss" is **DENIED** without prejudice, and the alternative motion to "Stay Litigation and Compel Arbitration" is **GRANTED**.

**IT IS FURTHER ORDERED** that all claims and defenses between the parties in this matter, arising out of or relating to the enforcement of the subcontract and/or surety bond are arbitrable and must be submitted for adjudication in the pending arbitration titled: *Hanover R.S. Limited Partnership v. Fuller Drywall & Paint, Ltd. and United States Surety Company* (AAA Case No. 31-110-Y-00116-07).

Signed: February 8, 2008

David C. Keesler
United States Magistrate Judge

8